1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBIN HOFFMANN,                              No.  2:14-cv-2793 DAD P

12                     Plaintiff,

13          v.                                     ORDER

14   CORNING POLICE DEPARTMENT

15                     Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se.  She seeks relief pursuant to 42 U.S.C. §

18   1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          The court is required to screen complaints brought by prisoners who seek relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27   ////

28   ////

                                                  1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8    In considering whether a complaint states a claim upon which relief can be granted, the

9   court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe

10   the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232,

11   236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

12   See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a

13   claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or

14   "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly,

15   550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of

16   action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662,

17   678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial

18   plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

19   factual content that allows the court to draw the reasonable inference that the defendant is liable

20   for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are considered

21   part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach

22   Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

23    A complaint must give fair notice and state the elements of the claim plainly and

24   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff

25   must allege with at least some degree of particularity overt acts in which defendants engaged that

26   support plaintiff's claim.  Id.  Therefore the complaint must allege in specific terms how each

27   named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is

28   some affirmative link or connection between an individual defendant's actions and the claimed

2

1   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

2   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

3   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

4   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5        In this case, the complaint before the court does not contain a single allegation that could

6   apprise either the court or the defendant of the nature of the claims plaintiff alleges under the

7   Civil Rights Act or of the factual bases for bringing those claims.  Indeed, the complaint is almost

8   wholly blank, and nothing indicates what acts the defendant allegedly committed that, if proved,

9   would entitle the plaintiff to relief under 42 U.S.C. § 1983.  Plaintiff's statement of her claim

10  reads in its entirety "12-12-13 Super 8 motel, Corning California."  (Doc. No. 1 at 3.)  Because of

11  these pleading deficiencies, plaintiff's complaint will be dismissed.  However, the court will grant

12  the plaintiff the opportunity to file an amended complaint that states a claim under § 1983.

13       If plaintiff chooses to amend her complaint, the court will examine the amended

14  complaint according to the screening standards described above.  Plaintiff is informed that the

15  court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.

16  Local Rule 220 requires that an amended complaint be complete in itself without reference to any

17  prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

18  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

19  complaint, the prior pleading no longer serves any function in the case.  Therefore, in an amended

20  complaint, as in an original complaint, each claim and the involvement of each defendant must be

21  sufficiently alleged.

22       In accordance with the above, IT IS HEREBY ORDERED that:

23       1.  Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is granted.

24       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

25  shall be collected and paid in accordance with this court's order to the Sheriff of San Bernardino

26  County filed concurrently herewith.

27       3.  Plaintiff's complaint is dismissed.

28  /////

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 10, 2014

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
hoff2793.14

4